UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRIAN KEITH CAVITT,
      Plaintiff,

v.

CIVIL ACTION NO.
19-12479-NMG

MDOC, CAROL A. MICI,
ABBE E. NELLIGAN,
JOY GALLANT, and
HAROLD W. CLARKE,

      Defendants.

ORDER

GORTON, J.                                                   March 12, 2020

1. Plaintiff Brian Cavitt's ("Cavitt") motion for leave to proceed in forma pauperis (ECF No. 2) is hereby ALLOWED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $10.72. The remainder of the fee, $339.28, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this Order to the Treasurer's Office at the Red Onion State Prison, along with the standard Notice to Prison form.

Cavitt's complaint is subject to screening because he is proceeding in forma pauperis pursuant to 28 U.S.C. §1915, and because he is a prisoner pursuant to 28 U.S.C. §1915A(b). Under those statutes, the Court must dismiss the action if it is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who

is immune from such relief. See 28 U.S.C. §1915(e)(2)(B), 28 U.S.C. §1915A.  In connection with this preliminary screening, Cavitt's pro se Complaint is construed generously. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

2. Pursuant to 28 U.S.C. §1915(e) and 28 U.S.C. §1915A, the Court dismisses the 28 U.S.C. § 1983 Claims (Counts I, II, and III) in their entirety against the Massachusetts Department of Corrections ("DOC") and official capacity monetary claims against the remaining defendants under Eleventh Amendment sovereign immunity.  The claims against the DOC for violation of the Americans with Disabilities Act (Count IV) and Rehabilitation Act (Count V) are not dismissed.  Section 1983 claims for prospective injunctive relief against the individual defendants in their official capacities are not dismissed. Individual personal capacity Section 1983 claims are not dismissed.

The Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  Under the Eleventh Amendment, "[s]tates

and their agencies are entitled to sovereign immunity 'regardless of the relief sought.'" Poirier v. Massachusetts Dep't of Correction, 558 F.3d 92, 97 (1st Cir. 2009). The First Circuit has held that the Massachusetts Department of Corrections, as a state agency, is entitled to immunity from Section 1983 claims under the Eleventh Amendment. Id. at 97.

The Eleventh Amendment also extends to confer immunity from suit upon state officials when "the State is the real substantial party in interest," that is, when "the judgment sought would expend itself on the public treasury . . . , or interfere with the public administration . . . . " Pennhurst State Sch. & Hosp., 465 U.S. at 101-102, n. 11; see Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (although state officials are literally persons, a suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office) accord Hafer v. Melo, 502 U.S. 21, 25 (1991) (same).

3. The Clerk shall issue a summons for service of the complaint on all defendants. The Clerk shall send the summonses, complaint, and this Order to Cavitt, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m). Cavitt may elect to have service made by the United States Marshals Service. If directed by Cavitt to do so, the United States Marshals Service shall serve the

summonses, complaint, and this Order upon the defendants, in the manner directed by Cavitt, with all costs of service to be advanced by the United States. Notwithstanding this Order to the United States Marshal Service, it remains Cavitt's responsibility to provide the United States Marshals Service with all necessary paperwork and service information. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 90 days from the date of this Order to complete service.

4. Cavitt's motion for appointment of pro bono counsel pursuant to 28 U.S.C. §1915(e)(1), ECF No. 4 is hereby DENIED without prejudice subject to refiling after the defendants are served and respond to the complaint. Although pursuant to the 28 U.S.C. §1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel," it is well settled that "[t]here is no absolute constitutional right to a free lawyer in a civil case." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The First Circuit has held that a court's denial of a motion to appoint counsel is subject to reversal if: (1) a plaintiff is indigent; and, (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on his due process rights. Id.: 28 U.S.C. 1915(e)(1). "To determine whether there are exceptional circumstances sufficient to warrant the appointment

of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Id. At this stage of the proceedings, the motion is premature and, on this record, Cavitt has not yet demonstrated "exceptional circumstances" that warrant appointment of counsel. **So Ordered.**

/s/ Nathaniel M. Gorton
**UNITED STATES DISTRICT JUDGE**