United States District Court
District of Massachusetts

| | |
|---|---|
| **Brian Cavitt,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. |
| **Massachusetts Department of** ) | 19-12479-NMG |
| **Corrections, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pro se plaintiff Brian Cavitt ("Cavitt" or "plaintiff") is an inmate in the custody of the Massachusetts Department of Corrections ("MDOC") who is currently serving consecutive life sentences in Red Onion State Prison ("ROSP") in Pound, Virginia. He alleges that he was transferred to the Virginia facility in November, 2016, and has since been kept in solitary confinement. Based on that confinement, Cavitt brought suit against the MDOC and certain MDOC employees in their individual and official capacities pursuant to 42 U.S.C. § 1983 for violations of his Eighth and Fourteenth Amendment rights under the United States Constitution, among other claims.

In January, 2021, this Court dismissed plaintiff's claims against the MDOC employees for failure to state a claim. He now

moves for reconsideration of that dismissal only with respect to Abbe E. Nelligan ("Nelligan" or "defendant"), Director of MDOC's Central Classification Division, for her role in his initial transfer to the Virginia facility.  Cavitt contends that Nelligan violated his due process rights by deliberately choosing to transfer him to ROSP with the intention that he would be subjected to solitary confinement there.  Defendant Nelligan responds that, inter alia, any claims based on Cavitt's transfer are barred by the statute of limitations and, in any event, the transfer of an inmate to an out-of-state facility implicates no protected liberty or property interest.

Because 42 U.S.C. § 1983 does not include its own statute of limitations, federal courts "borrow the forum state's statute of limitations for personal-injury actions". Alamo-Hornedo v. Puig.  In Massachusetts, the limitations period for personal injury and civil rights claims is three years. See M.G.L. c. 260, § 2A (personal injury); M.G.L. c. 258, § 4 (civil rights). With respect to the accrual of § 1983 claims, however, federal law governs and provides that an action accrues "when the plaintiff knows, or has reason to know of the injury on which the action is based." Alamo-Horrnedo, 745 F.3d at 581 (internal citation omitted).

Here, plaintiff was transferred to the Virginia facility on November 7, 2016, thereby marking the accrual date of any § 1983

claims arising out of that transfer.  Plaintiff had until November 7, 2019, to file a federal complaint asserting such claims but he waited until December 6, 2019 to do so.  Thus, those claims are barred by the three-year statute of limitations.

Furthermore, no federal due process rights are implicated by Cavitt's transfer to ROSP because such transfer "involves no identifiable interest in liberty or property as contemplated by the fourteenth amendment". Porcher v. Mass. Dep't of Corr., 7 F.3d 218(Table), 1993 WL 372748, at *2 (1st Cir. Sept. 23, 1993).

## ORDER

For the foregoing reasons, plaintiff's motion for reconsideration (Docket No. 31) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 1, 2021